## Storey v. Hoppes.

*Partition—Parties—Husband and wife—Act of July 17, 1917.*

1. In partition proceedings by one tenant in common against another, the wife of the defendant is a necessary party in interest.

2. Under the Act of June 7, 1917, P. L. 429, a wife has an estate in fee in the lands of her husband, conditioned on her surviving him.

3. Where a tenant in common has disappeared from his home for more than a year, a trustee should be appointed for him in partition proceedings, as provided by the Act of July 17, 1917, P. L. 1033.

Summons in partition. C. P. Schuylkill Co., March T., 1924, No. 360.

*J. A. Dolphin*, for plaintiff.

KOCH, J., Dec. 1, 1924.—The plaintiff and the defendant are the owners of equal undivided interests in two lots of ground, situate in Mahanoy City. The sheriff, by his deputy, W. B. McCool, made service of the summons in partition in this case on said George W. Hoppes, "by leaving a true and attested copy of the same at his dwelling-house with an adult member of his family on Feb. 11, 1924." The plaintiff filed his declaration in partition April 2, 1924. And, because of the non-appearance and of no defence on the part of the defendant, counsel for the plaintiff moved this court, on May 18, 1924, for judgment *quad partitio fiat*, and submitted testimony in support of his motion.

The plaintiff was sworn as a witness on his own behalf and testified that he became sole owner of the two lots of ground in question by deed from the former owner and wife to himself on June 28, 1918. Then he put in evidence a deed from himself to Hoppes, dated July 11, 1921, for an equal undivided half interest in said lots. He and the defendant were partners in the manufacture of shirts until Jan. 9, 1922, when their factory, which stood on said lots, was destroyed by fire.

After Mr. Storey's examination was concluded, Mrs. Elizabeth Hoppes came forward and was sworn and examined. She testified that she is the wife of the defendant; that he was a member of the firm of Hoppes & McHahon, who conducted business in the City of Pottsville; that her husband, without notice to any one, mysteriously left the City of Pottsville on Feb. 21, 1922; that at that time he had been ill for three weeks with influenza and a weakened heart; that she has not heard from him since that date; that she instituted diligent search for him, but it resulted in no trace of his whereabouts, and his whereabouts still remain a mystery, and she has no means of knowing what has become of him. She also testified that when the deputy sheriff served the summons in this case by leaving a copy of it with her, he knew the circumstances. When Mr. Hoppes left home he had no considerable sum of money with him and he took no grip or extra clothes with him. At the time when he left home his business was prosperous. He left on a Tuesday and had intended to attend a convention of the United Evangelical Church at Reading the following Thursday. He was a member of said church, and at that time was treasurer of the entire East Pennsylvania Conference of said church.

W. B. McCool, the deputy sheriff, testified that he knew of Mr. Hoppes's disappearance when he served the writ on Mrs. Hoppes, but that he had no conversation with her concerning his disappearance. He knew Mr. Hoppes and knew that he had disappeared; his disappearance was a matter of public knowledge at that time. Before his diappearance, Mr. Hoppes had been residing with his wife and daughter at No. 610 West Mahantongo Street, in the City of Pottsville.

It appears that Mr. Hoppes has only one child, a daughter. Undoubtedly, the plaintiff and defendant are tenants in common, and the plaintiff began

Storey v. Hoppes.

his action in the right court: 3 Purd. 3405, pl. 4. Nor do the peculiar facts in this case allow us to abate the writ. "No pleading in abatement shall be admitted or received in any suit for partition; nor shall the same be abated by reason of the death of any defendant:" 3 Purd. 3409, pl. 12. Such was also the law in England: 3 Blackstone, 302. In partition proceedings, all persons interested shall be made parties: 3 Purd. 3412, pl. 22. Under our present Intestate Act of June 7, 1917, P. L. 429, 431, "where such intestate shall leave a spouse surviving and one child only, or shall leave a spouse surviving and no children, but shall leave descendants of such deceased child, the spouse shall be entitled to one-half part of the real and personal estate." The 3rd section of said Intestate Act is as follows: "The shares of the estate directed by this act to be allotted to the widow shall be in lieu and full satisfaction of her dower at common law, so far as relates to lands of which the husband died seized; and her share in lands aliened by the husband in his lifetime, without her joining in the conveyance, shall be the same as her share in the lands of which the husband died seized. The widow shall be entitled to the same share in an estate in remainder vested in interest in the husband during his lifetime, although the particular estate shall not terminate before the death of the husband." So that a widow now has at least as much interest in her deceased husband's real estate as a widower has in his deceased wife's real estate, and the interest of either, upon the death of the other, becomes an interest in fee, if such was the estate of the deceased spouse. In the case before us, each of the copartners has an equal undivided interest in fee, and as Mrs. Hoppes has an interest in fee, conditioned upon surviving her husband, she becomes a party in interest, and, therefore, should be made a party to the proceeding.

I note that in Richard's Pennsylvania Form Book (1895) the præcipe in partition makes a man and his wife defendants: Pages 903 and 904. The same is true in the form of præcipe in 2 Dunlap's Book of Forms (1913), page 2006. In McCoy's Estate, 11 Pa. C. C. Reps. 9, Judge Ashman said: "Until the Supreme Court shall decide otherwise, we prefer to hold that a husband must be made a party where the real estate of his wife is subject to partition proceedings. The practice of joining him in such cases always prevailed under the Act of 1835, which required notice to all parties in interest; and the legislative intent to abolish it by the Act of 1887 (if such intent existed) should be clearly shown by the words of the statute." He also said, on page 11: "A suit in partition is, in effect, a mode of conveying: Grubbs' Appeals, 82 Pa. 23."

In Clarke's Appeal, 79 Pa. 376, 377, Chief Justice Agnew said: "A husband is entitled to his curtesy in the real estate of inheritance of his deceased wife, when he elects to take it against her will. In considering the legislation upon the power of a married woman to devise her real estate, the fact must not be overlooked that his curtesy estate was one arising at common law in the lifetime of his wife and becoming fixed in him at the instant of her death. It was, therefore, not a subject upon which her devise could operate. As soon as issue is born alive, capable of inheriting, the husband becomes tenant by the curtesy initiate, and the estate vested by the birth cannot be determined either by the death or coming of age of the infant. 'After issue born (says Chief Justice Gibson), he has a freehold in his own right, for which he is separately bound to do homage to the lord, whose tenant he then becomes, and the wife cannot forfeit for treason:' Lancaster County Bank v. Stauffer, 10 Barr, 398. Our Intestate Act of April 8, 1833, P. L. 315, extended the husband's curtesy by saving to the husband his right as tenant by the cur-

Storey *v.* Hoppes.

tesy, 'which (it says) shall take place, although there be no issue of the marriage in all cases where the issue, if any, would have inherited.' "

If, then, a husband, by virtue of the common law and the statute, had a curtesy estate in the lifetime of his wife, both the husband and the wife must now, under the Act of 1917, have respectively more than a curtesy estate or a dower. Each has an estate in fee in the lands of the other, conditioned, however, on survival, and, therefore, both are parties in interest as long as they both live. At common law, the interest of a husband in the real estate of his wife is a freehold estate. "He is the owner of a freehold in the real estate of his wife upon the marriage:" Waddell, P. J., in Teacle's Estate, 132 Pa. 532, 535. He may even insure the estate of his wife in his own name: Harris *v.* York Mutual Ins. Co., 50 Pa. 341. Consequently, it would appear that the wife now has such an interest in her husband's property that she may insure it in her own name.

But, independent of the interest of Mrs. Hoppes in this proceeding, it is apparent that Mr. Hoppes has been absent over a year and that some action should be taken for the appointment of a trustee for him, pursuant to the provisions of the Act of July 17, 1917, P. L. 1033, before we should enter judgment on the plaintiff's motion.          From M. M. Burke, Shenandoah, Pa.